UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL WELLS,

    Plaintiff,

vs.                                                                 CASE NO.:

DAYTONA BAR GROUP LLC, a Florida
Limited Liability Company, and TODD
LEVERETT, Individually,

    Defendants.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL WELLS, by and through the undersigned attorney, sues the Defendants, DAYTONA BAR GROUP LLC, a Florida Corporation, and TODD LEVERETT, Individually, and alleges:

1. Plaintiff, MICHAEL WELLS, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, MICHAEL WELLS was an employee who worked at Defendants' property within the last three years in Volusia County, Florida.

3. Plaintiff, MICHAEL WELLS, worked for Defendants as an hourly paid employee at an hourly rate of $10.00 per hour.

4. Plaintiff, MICHAEL WELLS, worked as a cook for Defendants.

1

5. At all times material to this cause of action, Plaintiff, MICHAEL WELLS, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, DAYTONA BAR GROUP LLC, is a Florida Limited Liability Company that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, DAYTONA BAR GROUP LLC, operates as a bar serving domestic and imported beer and liquor, and bar food such as burgers and wings.

8. Defendant, DAYTONA BAR GROUP LLC, operates under the national franchise chain Coyote Ugly Saloon. See www.CoyoteUglySaloon.com/daytona

9. Defendant, DAYTONA BAR GROUP LLC, operates at 512 Seabreeze Blvd, Daytona Beach, Florida 32118.

10. At all times relevant to this action, TODD LEVERETT was an individual resident of the State of Florida, who owned and operated DAYTONA BAR GROUP LLC, and who regularly exercised the authority to: (a) hire and fire employees of DAYTONA BAR GROUP LLC; (b) determine the work schedules for the employees of DAYTONA BAR GROUP LLC, and (c) control the finances and operations of DAYTONA BAR GROUP LLC. By virtue of having regularly exercised that authority on behalf of DAYTONA BAR GROUP LLC, TODD LEVERETT is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, DAYTONA BAR GROUP LLC, earned more than $500,000.00 per year in gross sales.

14. Defendant, DAYTONA BAR GROUP LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, DAYTONA BAR GROUP LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as domestic and imported beer, liquor, shot glasses, beer mugs, poultry, burger meat, and other products/tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, DAYTONA BAR GROUP LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff, MICHAEL WELLS, is individually covered under the FLSA.

### FLSA Violations

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

19. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work

week during one or more work weeks.

20. During some pay periods, Defendants failed to compensate Plaintiff at all for hours worked in excess of forty (40) during the workweek.

21. For example, during the pay period 7/15/2019 through 7/28/2019, Plaintiff worked a total of 81.23 hours (79.17 regular hours and 2.07 overtime hours). Despite working 2.07 hours of overtime, Defendants failed to compensate him at all for those overtime hours. In fact, Defendants only compensated Plaintiff for 77.23 hours in total. See attached "A", Plaintiff's paystub and Time Card Report.

22. In other instances, Defendants failed to compensate Plaintiff the half-time premium for overtime hours worked during the work week.

23. For example, during the pay period 7/1/2019 through 7/14/2019, Plaintiff worked a total of 95.18 hours (78.23 regular hours and 16.95 overtime hours). However, Defendants compensated Plaintiff for 80 regular hours and only 15.18 overtime hours. See attached "B", Plaintiff's paystub and Time Card Report

24. In another example, during the pay period 6/17/2019 through 6/30/2019, Plaintiff worked a total of 50.07 hours (40.00 regular and 10.07 overtime hours). Despite working 10.07 hours of overtime, Defendants compensated Plaintiff his regular rate for all hours worked, including overtime. See attached "C", Plaintiff's paystub and Time Card Report.

25. Plaintiff is entitled to full time and one-half during weeks in which he worked overtime hours but was not paid at all for working overtime.

26. Plaintiff is entitled to the half-time premium during weeks in which he

worked overtime hours but was only paid his regular rate of pay for overtime hours.

27.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

28.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

29.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above as though stated fully herein.

30.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

31.     During his employment with Defendants, Plaintiff worked overtime hours but was not paid full time and one-half compensation for same.

32.     Defendants have failed provide accurate overtime compensation for numerous pay periods.

33.     Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

34.     In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

35.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered

damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICHAEL WELLS demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 20 day of September, 2019

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff